Okay, thank you, Your Honor. May it please the court. This is a case involving a controversy in the Cameroons where there is a civil war, and to sum it up, there's an English-speaking part of the country and a French-speaking part of the country. The current government is run by the French-speaking part of the country. My client, Mr. Tapang, is a political refugee in the United States who is on the English-speaking side and is a critic of the current government. Mr. Nassay brought three actions against my client. The first one was in the Northern District of California, alleging that Jane Doe and John Doe were harmed in view of the Anti-Terrorism Act. It's all in the pleadings. What we found is that he was never able to submit to the court the identities of Jane Doe and John Doe, even though they would be treated as AEO, and therefore the case was dismissed and sanctions were awarded under 1927. Appeal was taken, briefed, and we believe we've argued sufficiently that without the identities of Jane Doe and John Doe, there is a jurisdictional argument here that prevents taking the appeal. That's the first point of our argument. The second is that there was insufficient notice of the appeal on his bill review appeal on the 1927 action for sanctions, so that the appeal should be dismissed. But even if those two don't carry the day, there wasn't sufficient evidence under, for example, Fields v. Twitter, that there was a link between the harm in the Cameroons and also my client. So there wasn't sufficient evidence in the record that my client instigated any of these acts of terrorism, and therefore the appeal can't be sustained. I'm familiar with Fields v. Twitter. That's an interesting case. I actually wrote that. Let me ask you this. Do Section 956 and 960 provide a private right of action? They do provide a private right of action, but there always has to be a proximate cause to the harm, and that's the burden of the plaintiff, or in this case the appellate, to show that there's a causal link between the acts in either this country or the other country that caused the harm, and we don't have that here. I did go to the PACER docket this morning to see if Mr. Islay had filed any notices of not taking vacations or anything like that in the other Central District of California cases. He has pending, and I didn't see any notices there, so he hasn't contacted me. If he had contacted me, I would have stepped to sending out this hearing if the court would allow that, but there's been no communication. Very well. Do you have additional comments, or do you just want to take questions from the court? I'll take your questions. Do my colleagues either have any questions? Mr. Edmondson? I think that it's very clear. I don't think I have any questions. I'd just like to know how Mr. Edmondson remains so calm dealing... I don't have any questions for Mr. Edmondson either, unless you want to answer that question that my colleague just raised. I'm sorry, I didn't hear the... Oh, I just was wondering how you remain so calm dealing with the actions of opposing counsel. Well, the magistrate, Judge Cousins, I thought was very kind and considerate to counsel. I didn't think it was in my place to be aggressive, because what's the point? It doesn't serve the interests of either of the clients. Good point. Good point. I agree. Thank you. Thank you, Your Honors. All right. Do you have additional comments that you wish to make, or do you want to submit? I wish to submit, Your Honor. Very well. Absent any other questions, then the case of Doe v. Dupin is hereby submitted. Thank you, Your Honor. We thank you.
judges: Wallace, M. Smith, Lasnik